# Oley Valley Development Inc. v. Berks County Board of Assessment Appeals

C.P. of Berks County, No. 13-25217

*Michael Yanoff,* for appellant.
*Edwin L. Stock,* for appellee.
*John M. Stott,* for intervenor.

LASH, *J.*, Aug. 11, 2014—On August 5, 2014, this court held a non-jury trial on the appeals of Oley Valley Development, Inc., (hereinafter "taxpayer"), from several property tax assessments entered by the Berks County Board of Assessment Appeals (hereinafter "board"). The first case[1] involved eighty-three (83) unsold lots of a subdivision. The second case[2] involves one lot, also part of the subdivision, which has been designated for common use among all lot owners of the subdivision, with a clubhouse to be built on this lot (hereinafter "Clubhouse Lot").

The primary issue before the court is whether this court should apply a form of the income approach, known as

---

1. No. 13-25217.
2. No. 13-25400.

the development approach in assessing the lots. Taxpayer urges that the development approach is the proper approach for the lots are multiple unimproved lots in a subdivision, and the development approach factors into the assessment ongoing subdivision costs continuing to be incurred while lots remain unsold. This issue was previously raised by taxpayer in an appeal before this court which affected tax years 2011 and 2012. On February 27, 2012, this court issued a decision and order declining to employ the development approach. For the same reasons set forth in the decision of February 27, 2012, this court declines to utilize the development approach for tax year 2014 and, therefore, dismisses taxpayer's appeal. This court enters the following Findings of Fact:

## I. FINDINGS OF FACT

1. Appellant, Oley Valley Development, Inc., (hereinafter "taxpayer"), is the owner of real property located in Oley Township, Berks County, Pennsylvania, consisting of a residential subdivision known as "Meadow View Farms" (hereinafter "subdivision").

2. Appellee, Berks County Board of Assessment Appeals (hereinafter "board"), has an office on the Third Floor of the Berks County Services Center, Reading, Berks County, Pennsylvania.

3. Intervenor is the Oley Valley School District, (hereinafter "School District"), with an address of 17 Jefferson Street, Oley, Berks County, Pennsylvania 19547. School District filed its Notice of Intervention on

December 11, 2013.

4. These appeals involve eighty-three (83) lots of a one hundred seventeen (117) lot, single family residential subdivision known as Meadow View Farm, plus one additional lot, known as the Clubhouse Lot. The eighty-three (83) lots, which remain unsold, are identified by the following pin numbers:

67-5348-01-27-8220 67-5348-01-37-0015 67-5348-01-37-0051

67-5348-01-36-1953 67-5348-01-36-2845 67-5348-01-36-2881

67-5348-01-36-3738 67-5348-01-36-4720 67-5348-01-36-5481

67-5348-01-36-5344 67-5348-01-36-4299 67-5348-01-36-4264

67-5348-01-36-4129 67-5348-01-36-3185 67-5348-01-36-3150

67-5348-01-36-3015 67-5348-01-36-2071 67-5348-01-35-2936

67-5348-01-35-1991 67-5348-01-35-1846 67-5348-01-26-7030

67-5348-01-26-6094 67-5348-01-26-4267 67-5348-01-26-5752

67-5348-01-26-5787 67-5348-01-26-6822 67-5348-01-26-6867

67-5348-01-26-7902 67-5348-01-26-7947 67-5348-01-27-7083

67-5348-01-26-8843 67-5348-01-26-8708 67-5348-01-26-7763

67-5348-01-26-7638 67-5348-01-26-6694 67-5348-01-26-6558

67-5348-01-26-7417 67-5348-01-26-7552 67-5348-01-26-7587

67-5348-01-26-8622 67-5348-01-26-8666 67-5348-01-26-9701

67-5348-01-26-9736 67-5348-01-26-9870 67-5348-01-36-0699

67-5348-01-36-0664 67-5348-01-36-0529 67-5348-01-26-9585

67-5348-01-26-9540 67-5348-01-26-9405 67-5348-01-26-8461

67-5348-01-26-8336 67-5348-01-26-7391 67-5348-01-26-7256

67-5348-01-26-8149 67-5348-01-26-8284 67-5348-01-26-9219

67-5348-01-26-9353 67-5348-01-26-9398 67-5348-01-36-0433

67-5348-01-36-0478 67-5348-01-36-1503 67-5348-01-36-1547

67-5348-01-36-2637 67-5348-01-36-3566 67-5348-01-36-3511

67-5348-01-36-2476 67-5348-01-36-2432 67-5348-01-36-1397

67-5348-01-36-1362 67-5348-01-36-1228 67-5348-01-36-0283

67-5348-01-36-0158 67-5348-01-36-0113 67-5348-01-26-9078

67-5348-01-36-1131 67-5348-01-36-1176 67-5348-01-36-2210

67-5348-01-36-2245 67-5348-01-36-2380 67-5348-01-36-3325

67-5348-01-36-3369 67-5348-01-26-5962

5. The Subdivision is located in the Oley Valley School District and is in the AQRC — Age Qualified Residential Community Zoning District.

6. The lots are subject to zoning and deed restrictions. The subdivision contemplates an "age qualified community" requiring that at least one member of the household be at least 55 years of age. There may not be more than four (4) individuals residing in the household, nor is anyone under the age of 18 permitted to reside there, except during summer months and holidays. Any person not related by blood or marriage to the principal owner must also be 55 years of age or older.

7. In August 2013, taxpayer filed eighty-six (86) assessment appeals for eighty-six (86) undeveloped lots. On September 13, 2013, the board held a hearing and issued a decision on October 11, 2013, setting forth that the assessments would remain the same for the 2014 tax year.

8. On November 8, 2013, taxpayer filed its appeal from the decision of the board.

9. Subsequently on June 16, 2014, taxpayer notified the court that some lots were sold, and the appeal was withdrawn as to those lots.

10. On June 19, 2014, this court entered an order consolidating the appeals on eighty-three (83) lots to No. 13-25217. The Clubhouse Lot remained a separate appeal.

11. The common level ratio for Berks County for 2014 is .781%.

## II. DISCUSSION

The court is satisfied that its holding in its decision of February 27, 2012 remains valid and is dispositive of the case at bar. Accordingly, this court incorporates its decision of February 27, 2012 into this opinion and order.

Taxpayer contends that this court's earlier ruling was not consistent with the evidence produced in that this court ruled that Taxpayer was requesting that the court assess the subdivision as one whole, rather than assessing the lots separately. Taxpayer contends that it had then, and continues to now, assess the individual lots separately and that, therefore, this case should be distinguished from the holding in *Penn's Grant Associates v. Northampton County Board of Assessment Appeals*, 733 A.2d 23, 28 (Pa.Cmwlth. 1999).

Taxpayer's argument is misleading. Its "individual lot value conclusions" are based on uniformly applying

1/83rd of the continuing subdivision costs to each of the eighty-three (83) lots. Accordingly, the fair market value for all eighty-three (83) lots was estimated by the appraiser for Taxpayer at Twenty-Seven Thousand Nine Hundred Seventy-Five Dollars ($27,975.00). In essence, whether the assessment is Twenty-Seven Thousand Nine Hundred Seventy-Five Dollars ($27,975.00) per lot for eighty-three (83) lots or Two Million Three Hundred Twenty-One Thousand Nine Hundred Twenty-Five Dollars ($2,321,925.00) for one subdivision, subdivided into eighty-three (83) lots, is simply a mathematical exercise. What taxpayer has not considered is that previous sales of lots to third parties constituted a triggering effect, requiring all the lots remaining in the subdivision to be assessed on an individual lot basis, as more fully discussed by this court in its February 27, 2012 opinion, commencing on page 12. Taxpayer also fails to account for the fact that its method would result in non-uniform assessments, with unsold lots being assessed at a far lower value than lots already sold, in violation of the uniformity clause of the Pennsylvania Constitution.[3]

Taxpayer also urges that this court assess a zero value to the Clubhouse Lot because that lot, according to taxpayer, cannot be sold but must be used for its designated purpose as a common area with a clubhouse for enjoyment by the lot owners. At this time, however, the clubhouse has not been built. The lot is not distinguishable from any of the other eighty-three (83) lots and has fair market value. Once

---

3. Article IX, §1, of the Pennsylvania Constitution.

456

the designated use is in place, the lot can be reassessed.

The board having met its burden by introducing the assessments into the record, and the taxpayer having failed to meet its burden to overcome the presumption of the validity of the assessments, this court dismisses taxpayer's appeals. We enter the following order:

### ORDER

And now, this 11th day of August 2014, after trial held, the above-captioned appeals are hereby dismissed.